65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theresa Nangle OBERMEYER, Defendant-Appellant.
 No. 94-30368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1995.*
Decided Aug. 23, 1995.
 
 1
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 BACKGROUND
 
 3
 On June 29, 1994, Dr. Theresa Nangle Obermeyer attended a Joint Federal State Court Gender Equality Task Force meeting, which was held in the chambers of U.S. District Court Judge Singleton. Following the meeting, Dr. Obermeyer attempted to remain in Judge Singleton's chambers. He indicated that he needed to prepare for an impending bench trial. Although Dr. Obermeyer did eventually leave the chambers, she subsequently attempted to reenter, pushing Judge Singleton's secretary, Ardel Burritt, in the process. Dr. Obermeyer succeeded in reentering the chambers, where she began a tirade.
 
 
 4
 A court security officer and three deputy U.S. Marshals soon arrived and asked Dr. Obermeyer to leave. After refusing several times, Dr. Obermeyer was eventually escorted out of Judge Singleton's chambers and arrested. Dr. Obermeyer was charged with disorderly conduct on federal property, in violation of 41 C.F.R. Sec. 101-20.305.
 
 
 5
 Dr. Obermeyer was convicted on September 28, 1994 following a bench trial. She timely appeals her conviction and a probationary condition of her sentence that restricts her from "harass[ing], abus[ing] or personally contact[ing]" participants in the litigation regarding subjects that were at issue in the litigation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 I. VINDICTIVE PROSECUTION MOTION
 
 6
 On September 22, 1994, well after the September 12 deadline for filing pretrial motions, Dr. Obermeyer filed a motion for the limited withdrawal of the Federal Defender who had been appointed to represent her. As clarified by an amended motion filed on the morning of trial, she sought to represent herself in order to present a vindictive prosecution motion, which the Federal Defender believed was unwarranted. Also on the morning of trial, Dr. Obermeyer filed a vindictive prosecution motion and supporting documents.
 
 
 7
 After reviewing the submitted material and statements made by the parties, the district court denied both the motion to withdraw as counsel and the vindictive prosecution motion. The court concluded, inter alia, that the motions were untimely.
 
 
 8
 Dr. Obermeyer primarily alleges on appeal that the denial of the motion for withdrawal was error, because that motion was, in effect, a motion to proceed pro se, which imposes certain procedural requirements on the district court that were not followed in this case. Even if we accept Dr. Obermeyer's strained characterization of the motion for withdrawal, however, we find no error. Whether or not the district court followed the requisite procedures for a pro se motion, Dr. Obermeyer did, in fact, proceed pro se to the extent she had requested. She only sought to proceed pro se for purposes of pursuing the prosecutorial vindictiveness motion, which she was allowed to do: she presented, on a pro se basis, a vindictive prosecution motion and supporting documents.
 
 
 9
 What Dr. Obermeyer really seems to want is an opportunity to present her vindictive prosecution motion on the merits. This requires her to show that the district court abused its discretion by refusing to hear her vindictive prosecution motion. See United States v. Kessee, 992 F.2d 1001, 1002 (9th Cir.1993) (district court's refusal to hear a motion, on timeliness grounds, is reviewed for abuse of discretion). Dr. Obermeyer has not made such a showing.
 
 
 10
 The motion filed on the morning of trial, and well after the September 12 deadline for pretrial motions, was clearly untimely. Dr. Obermeyer argues, however, that "the uncertainty associated with her request for appointed counsel" constitutes "cause" that excuses her untimeliness, pursuant to Fed.R.Crim.P. 12(f). We disagree. Counsel was appointed for her by order dated August 25, 1994. The September 12 deadline was set in the same order. Dr. Obermeyer has not explained why she could not make the decision to file the motion by the September 12 deadline or why she could not prepare the motion by then. Accordingly, we hold that she has made no showing of "cause" that would require the district court to consider the vindictive prosecution motion.
 
 II. SUFFICIENCY OF THE EVIDENCE
 
 11
 The evidence is sufficient to support Dr. Obermeyer's conviction if, viewed in the light most favorable to the government, a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. See United States v. Brice, 926 F.2d 925, 928 (9th Cir.1991).
 
 
 12
 To establish a violation of the regulation under which Dr. Obermeyer was charged, 41 C.F.R. Sec. 101-20.305,[1] the government had to prove:
 
 
 13
 (1) that the conduct occurred on government property, (2) that the regulation proscribing the conduct was posted in a conspicuous place on the property, (3) that [Dr. Obermeyer] acted knowingly and willfully, (4) that [Judge Singleton and Ms. Burritt were] government employee[s], and (5) that the conduct impeded or disrupted [Judge Singleton and Ms. Burritt] in the performance of [their] official duties.
 
 
 14
 See Brice, 926 F.2d at 928 (footnotes omitted). Dr. Obermeyer argues only that the government failed to prove that Judge Singleton and Ms. Burritt were "impeded or disrupted in the performance of [their] official duties." We reject this argument.
 
 
 15
 Judge Singleton testified that during Dr. Obermeyer's post-meeting conduct, he was in the process of reviewing depositions prior to a civil bench trial, which was scheduled to begin that morning at 9:00 a.m. He also testified that as a result of Dr. Obermeyer's conduct in his chambers, he was unable to review the depositions and he had to start the trial twenty minutes late. Ms. Burritt testified that due to the disturbance after the meeting, she was prevented from returning to her work. A rational trier of fact easily could have found beyond a reasonable doubt that Dr. Obermeyer's conduct "impeded or disrupted" government employees "in the performance of [their] official duties."
 
 III. SPECIAL CONDITION OF PROBATION
 
 16
 The district court required, as a condition of Dr. Obermeyer's probation, that she "not harass, abuse or personally contact without permission of the probation officer any of the participants, parties or attorneys to this litigation." Dr. Obermeyer does not challenge the restriction on "harassment" and "abuse"; she only challenges the restriction on "personal contact" with the parties and participants to the litigation. She argues that this restriction unreasonably and unnecessarily restricts her First Amendment rights to speech and association. We disagree.
 
 
 17
 The district court "has broad discretion in setting probation conditions, including restricting fundamental rights." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). In this circuit, a probation condition is valid if it is imposed for permissible purposes and if it is reasonably related to "the twin goals of probation, rehabilitation and protection of the public." United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1988).
 
 
 18
 The district court clearly imposed the personal contact restriction for permissible purposes. The judge wanted to assure that similar disturbances did not recur. See id. at 374 ("Trial courts frequently impose restrictions on speech when a criminal conviction is for crimes committed during the course of expressive activity.... [in order] to protect the public from a situation that might lead to a repetition of the same crime."). Moreover, the district court carefully limited the restriction on Dr. Obermeyer to specific types of contact with specific people regarding specific matters. Cf. id. at 374 ("if [probation] conditions are drawn so broadly that they unnecessarily restrict otherwise lawful activities they are impermissible").
 
 
 19
 The personal contact restriction on Dr. Obermeyer was also reasonably related to rehabilitation and protection of the public. The condition is clearly related to protecting the relevant members of the public from additional episodes of disruptive conduct by Dr. Obermeyer.[2] It is also related to the rehabilitative goal of encouraging Dr. Obermeyer to limit her expressive conduct to permissible methods and fora. Accordingly, we hold that the district court did not abuse its discretion by imposing the personal contact restriction on Dr. Obermeyer.
 
 CONCLUSION
 
 20
 For the foregoing reasons, Dr. Obermeyer's conviction and sentence are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The regulation states, in pertinent part: "Any loitering, disorderly conduct, or other conduct on property which creates loud or unusual noise or a nuisance; ... which otherwise impedes or disrupts the performance of official duties by Government employees ..., is prohibited."
 
 
 [2]
 Dr. Obermeyer argues that a restriction on harassing and abusive behavior toward such persons would be a sufficient condition. However, the additional restriction on personal contact is a reasonable means of avoiding definitional problems, such as determining when a personal contact rises to the level of "harassment" or "abuse."